JAMES H. DORUS *vs.* WAIT H. SOMERS AND ANOTHER.

Fairfield Co., Oct. T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

It is provided by Gen. Statutes, § 1326, that "no writ of replevin shall be issued until some person, known to the authority signing the writ to be of sufficient responsibility, has entered into a recognizance before him, with at least one sufficient surety," etc. A recognizance entered into by a stranger as principal and the plaintiff as surety, held to be good under the statute.

[Argued October 23d, 1888—decided January 11th, 1889.]

WRIT of replevin, brought to the Court of Common Pleas of Fairfield County. The defendants pleaded in abatement the insufficiency of the recognizance attached to the writ; the plaintiff demurred to the plea; and the court (*Hall, J.,*) held the plea sufficient and rendered judgment for the defendants. The plaintiff appealed. The case is fully stated in the opinion.

*L. K. Gould,* for the appellant.

*J. J. Rose,* for the appellees.

BEARDSLEY, J. This is an action of replevin appealed

from the Court of Common Pleas for Fairfield County. The only question in the case is as to the sufficiency of the recognizance appended to the complaint, by which it appears that a third person described as principal, and the plaintiff described as surety, are the recognizors. The defendants plead in abatement that the recognizance does not contain the surety required by statute, inasmuch as the same person is both plaintiff and surety. The plaintiff demurred to the plea, and the court held that it was sufficient. · We think the court erred in so holding.

The statute prescribing the recognizance to be given is as follows: "No writ of replevin shall be issued until * * * some person known to the authority signing the writ to be of sufficient responsibility, has entered into a recognizance before him with at least one sufficient surety, * * * conditioned," etc. Gen. Statutes, § 1326.

The form of the recognizance given in section 1327 provides for a joint and several bond, and such was the bond in this case. It is not questioned that it would have been sufficient if the plaintiff had been described as principal and the other recognizor as surety. In practice the bond is usually given in that form, when the plaintiff is found to be of sufficient responsibility to be a party to it.

But inasmuch as the recognizors are jointly and severally liable, it is wholly immaterial to the defendants which is styled principal and which surety, as in relation to them both of the recognizors are in legal effect principals.

If the plaintiff had been found insufficient as a surety by the magistrate who took the recognizance, he would have been required to provide another surety, but, as it is, the defendants have all the security against loss by the replevin to which the statute entitles them. We see no foundation for the claim that the plaintiff is disqualified to enter into the recognizance as surety, because he is as a party liable to pay a judgment if recovered against him.

There is error in the judgment appealed from.

In this opinion the other judges concurred.